# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                    **CIVIL ACTION**

**VERSUS**                    **NO. 22-827-SDD-RLB**

**FLATLINE CONCRETE, LLC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 27, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-827-SDD-RLB** |
| **FLATLINE CONCRETE, LLC, ET AL.** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Nicholas Ebenbeck's Motion to Dismiss Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure ("Motion to Dismiss"). (R. Doc. 16). The motion is opposed. (R. Doc. 20).

## I.     Background

On October 24, 2022, the United States commenced this action against Flatline Concrete, L.L.C.[1] and Nicholas Ebenbeck ("Ebenbeck") to recover on a defaulted loan. (R. Doc. 1). After the U.S. Marshal's service was unable to serve the defendants, the United States hired a private investigator and sought an extension of the deadline to serve. (R. Doc. 7). The Court extended the deadline to serve to March 23, 2023. (R. Doc. 10).

The United States filed proof of service providing that Ebenbeck was served by a private process server on March 20, 2023 at his "residence or usual place of abode" by leaving a copy of the summons with his father, Rudolph Ebenbeck, at 33701 Clinton Allen Rd, Denham Springs, LA 70706 (the "Clinton Allen Road" address). (R. Doc. 13).

On April 10, 2023, Ebenbeck filed the instant Motion to Dismiss, which seeks dismissal under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. (R. Doc. 16).[2] In short, Ebenbeck argues that "domiciliary service" under Rule 4(e) was improper

---

[1] Flatline Concrete, L.L.C. was dismissed without prejudice from this action. (*See* R. Doc. 32). The sole remaining defendant is Nicholas Ebenbeck.

[2] The instant Motion to Dismiss was referred to the undersigned for resolution on January 19, 2024.

because, at the time of service, the Clinton Allen Road address was not Ebenbeck's dwelling or usual place of abode. In support of this position, Ebenbeck attached an affidavit by his father stating, in relevant part, that (1) his son did not reside at the Clinton Allen Road address on March 20, 2023, and does not reside there now; (2) the Clinton Allen Road address has not been his son's dwelling or usual place of abode since 2018; and (3) he is not an agent authorized by appointment or by law to receive service of process on behalf of his son. (R. Doc. 16-2). Ebenbeck argues that his father's affidavit "establishes that the alleged service of process of Nicholas Ebenbeck by domiciliary service is not legally sufficient," and, accordingly, the United States cannot meet its burden of demonstrating service. (R. Doc. 16-1 at 6).

In opposition, the United States argues that Ebenbeck was properly served in accordance with Rule 4(e), or, in the alternative, that it has shown good cause for an extension of sixty days for which to serve Ebenbeck under Rule 4(m). (R. Doc. 20). The United States notes that it made at least five attempts to serve Ebenbeck personally prior to serving Ebenbeck by substituted service in accordance with Rule 4(e)(2)(B). (R. Doc. 20 at 3-4). The United States further asserts that it has established, given its supporting evidence, the Clinton Allen Road address was Ebenbeck's dwelling or usual place of abode at the time of service. (R. Doc. 20 at 4-7; *see* R. Doc. 21). In the alternative, the United States seeks an extension of the deadline to serve under Rule 4(m) given, among other things, Ebenbeck's repeated attempts to avoid service and actual knowledge of this litigation. (R. Doc. 20 at 6-7).

## II.    Law and Analysis

### A.    Legal Standards

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 Fed. App'x 343, 344 (5th Cir. 2007). When a challenge is made to the adequacy of service of process, the serving party bears the burden of

proving the validity of service or the existence of good cause for failing to effect service in a timely manner. *System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Aetna Business Credit, Inc. v. Universal Décor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1990). "The general rule is that '[a] signed return of service constitutes prima facie evidence of valid service, which can be overcome only by strong and convincing evidence.'" *People's United Equip. Fin. Corp. v. Hartmann*, 447 F. App'x 522, 524 (5th Cir. 2011) (quoting *O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993)).

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1). Rule 4(e) provides the requirements for service of an individual within a judicial district of the United States:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > **(2)** doing any of the following:
> >
> > > **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > >
> > > **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(m) requires a plaintiff to "properly serve defendant with a copy of the summons and complaint within 90 days after the complaint is filed." If a defendant is not timely served, the court "must dismiss the action" or order that "service be made within a specified time." Fed. R. Civ. P.

4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even in the absence of good cause, however, the district court has discretion "to order that service be made within a specified time" as an alternative to dismissal. Fed. R. Civ. P. 4(m); *see Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) ("We agree with the majority of circuits that have found that the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause.").

   **B.    Analysis**

   There is no dispute that the United States' attempts to serve Ebenbeck personally under Rule 4(e)(2)(A) failed and that Ebenbeck's father is not an authorized agent for the purposes of service under Rule 4(e)(2)(C). The parties dispute, however, whether service was accomplished under Rule 4(e)(2)(B).[3] While there is no dispute that Ebenbeck's father was, at the time of service, "someone of suitable age and discretion who resides" at the Clinton Allen Road address, the parties dispute whether the Clinton Allen Road address is Ebenbeck's "dwelling or usual place of abode" as required for service under Rule 4(d)(2)(B).

   The terms "dwelling or usual place of abode" have "eluded 'any hard and fast definition.'" *Kudu Co., Ltd v. Latimer*, No. 10-680, 2011 WL 938349, at *3 (E.D. Tex. Feb. 22, 2011), *report and recommendation adopted sub nom. Kudu Co. v. Latimer*, 2011 WL 933717 (E.D. Tex. Mar. 16, 2011) (quoting *Nat'l Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 256 (2d Cir. 1991)). "A person can have more than one dwelling house or usual place of abode for purposes of Rule 4(e)(2), so long as each contains sufficient indicia of permanence." *Kudu Co.*, 2011 WL 938349, at *4; *see*

---

[3] Service may also be accomplished under Louisiana law. *See* Fed. R. Civ. P. 4(e)(1). Louisiana law provides, like Rule 4(e)(2)(B), that "[d]omiciliary service is made when a proper officer leaves the citation or other process at the dwelling house or usual place of abode of the person to be served with a person of suitable age and discretion residing in the domiciliary establishment." La. Code Civ. Proc. art. 1234. Given the similarities between Rule 4(e)(2)(B) and Article 1234, the Court will solely focus on whether service was accomplished under the Federal rule.

*also Thanco Prod. & Imports, Inc. v. Kontos*, No. 08-3046, 2009 WL 540963, at *4 (S.D. Tex. Mar. 3, 2009) ("[F]or purposes of Rule 4(e)(2)(B) courts determine what constitutes a "dwelling or usual place of abode" on the basis of the particular facts of each case."); *Thuy Hoa Ngo v. Bach Van Ha Thi*, No. 08-00758, 2008 WL 5567806, at *4 (W.D. La. Nov. 12, 2008) ("The increased mobility of individuals, and the ability to communicate information rapidly and over global distances, appears to have relaxed the strict interpretation of 'dwelling or usual place of abode' of Rule 4(e)(2).").

In construing Rule 4(d)(1), the predecessor version of Rule 4(e)(2), the Fifth Circuit endorsed a pragmatic approach when determining whether substituted service is accomplished:

> The appropriate construction of Rule 4(d)(1) varies according to whether the defendant received notice of the suit. 4(d)(1) should be broadly construed where the defendant, as in this case, received notice of the suit. This rule of construction is, of course, subject to the limitation that the construction of the statute's language must be a natural rather than an artificial one. Otherwise, no hard and fast rule can be fashioned to determine what is or is not a party's 'dwelling house or usual place of abode' within the rule's meaning; rather the practicalities of the particular fact situation determine whether service meets the requirements of 4(d)(1).

*Nowell v. Nowell*, 384 F.2d 951, 953 (5th Cir. 1967); *see Kingsbery v. Paddison*, No. 20-3192, 2021 WL 673455, at *3 (E.D. La. Feb. 22, 2021) ("When considering whether a place is an individual's 'dwelling or usual place of abode,' the Court should "consider the situation from a practical standpoint" and "liberally construe[ ] the provision to effectuate service if actual notice has been received by the defendant[.]") (quoting *Nowell*, 384 F. 2d at 953); *see also* Wright & Miller, 4A Fed. Prac. & Proc. Civ. § 1096 (4th ed.) ("[I]t may be that if a place is capable of classification as a dwelling or usual place of abode and notice actually is received by the defendant when served at that place, the service of process will be sustained. This approach seems especially appropriate when there is no place significantly more logical for the papers to be left.").

Having considered the record, the Court concludes that the United States has met its burden of establishing that Ebenbeck was properly served on March 20, 2023 because the Clinton Allen

Road address was Ebenbeck's dwelling or usual place of abode for the purposes of Rule 4(e)(2)(B) at the time of service.

First, the United States has submitted a copy of Flatline Concrete, L.L.C.'s final Annual Report (last filed on November 19, 2020) specifically listing Ebenbeck as the managing member located at the Clinton Allen Road address. (R. Doc. 21-1). Second, the United States has submitted a copy of Electronic Articles of Organization for a limited liability company in Florida named CHANNEL 20 LLC (filed on June 2, 2022) listing Ebenbeck as an authorized manager located at the Clinton Allen Road address. (R. Doc. 21-2).[4] Third, the United States submitted an affidavit by David Thomas, a private investigator, stating that he served Ebenbeck on September 7, 2022 at the Clinton Allen Road address in connection with a previous lawsuit in Louisiana state court. (R. Doc. 21-3). Finally, the United States submits an affidavit by Thomas Cashio, another private investigator, providing that he searched the records held by credit reporting companies, state and national motor vehicle databases, U.S. Postal Service change of address records, Livingston Parish Clerk of Court records, and national property assessments, all of which indicated that Ebenbeck's most recent address is the Clinton Allen Road address with no other address located. (R. Doc. 21-4 at 1). Mr. Cashio further represents that Ebenbeck's vehicle is registered at the Clinton Allen Road address through June 30, 2025 and that Ebenbeck has used the address since 2007. (R. Doc. 21-4 at 1-2). The foregoing evidence supports a finding that the Clinton Allen Road address qualified as Ebenbeck's dwelling or usual place of abode for the purposes of substituted service under Rule 4(e)(2)(B) at the time of service.

In contrast, the sole evidence offered by Ebenbeck is an affidavit by his father, Rudolph Ebenbeck. While Ebenbeck's father represents that the Clinton Allen Road address has not been his

---

[4] The address listed is 33701 Clinton Allen Road, Denham Springs, Florida, 70706. The United States maintains that there is no city or town called Denham Springs in Florida, and that the provided postal zip code is for Denham Springs, Louisiana. (R. Doc. 20 at 5).

son's residence, dwelling or usual place of abode since 2018, this representation is contradicted by the information set forth above and in several circumstances, provided directly by Ebendeck. In addition, despite the statement that Ebendeck lives out of state, there is nothing in the record or Rudolph Ebendeck's affidavit that suggests any viable alternative address to serve as his son's established dwelling or usual place of abode. Indeed, the record does not contain any alternative to the Clinton Allen Road address.

There is no dispute that Ebenbeck has received actual notice of this lawsuit.[5] Given the record, and the Fifth Circuit's directive that the rule should be broadly construed where actual notice is received, the Court concludes that the United States has met its burden of establishing substituted service of Ebenbeck under Rule 4(e)(2)(B). *See Nowell*, 384 F.2d at 953; *see also Boissier v. Katsur*, No. 14-2785, 2016 WL 1268340, at *6 (E.D. La. Mar. 31, 2016) ("Viewing the matter practically and in light of [the defendant's] actual notice, the Court concludes that [the plaintiff] satisfied the service standards set forth by the Fifth Circuit in *Nowell*. As such, the Court will not set aside its default judgment as void for improper service."), *aff'd*, 676 F. App'x 260 (5th Cir. 2017); *DeFrancis v. Bush*, 859 F. Supp. 1022, 1023 (E.D. Tex. 1994) (denying motion to quash service of process where service was made on the defendant's wife at her parent's home, and the defendant otherwise had actual knowledge of the lawsuit since its inception); *Howard v. Shelton*, 277 F.R.D. 168, 170 (S.D. Miss. 2011) (denying motion to dismiss where service was made on defendant's boyfriend at his house, which the court concluded as defendant's usual place of abode under the circumstances).

---

[5] While Ebenbeck has, through counsel, made a limited special appearance for the purposes of challenging service of process, there can be no dispute that he has actual notice of this lawsuit. The United States represents that during a telephone conference, Ebenbeck's counsel stated that he was unable to provide an alternative address for Ebenbeck and was not authorized to receive service on his behalf, and further "confirmed that Mr. Ebenbeck was present in his office when his father, Rudolph Ebenbeck, signed the Affidavit (R. Doc. 16-2) filed as Exhibit A" to Ebenbeck's Motion to Dismiss. (R. Doc. 20 at 3).

Because service was proper, the Court need not address the United States's arguments under Rule 4(m).

**III.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Nicholas Ebenbeck's Motion to Dismiss Pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure (R. Doc. 16) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the defendant, Nicholas Ebenbeck, having been served pursuant to Rule 4(e)(2)(B) of the Federal Rules of Civil Procedure, be ordered to file a responsive pleading within 14 days of the ruling. *See* Fed. R. Civ. P. 12(a)(4)(A).

Signed in Baton Rouge, Louisiana, on February 27, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**